**NATIONAL SURETY CORPORATION, Plaintiff-Appellee, v. BLACKBURN, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4421.  Decided March 31, 1950.

Samuel Luper, Columbus, for plaintiff-appellee.
Roy C. Blackburn, acting for himself.

## OPINION

By THE COURT.

Submitted upon motion of the plaintiff-appellee seeking an order dismissing the appeal for the following reasons:

1. The order of the lower court entered October 14, 1949 is not a final order from which an appeal can be taken.

2. The notice of appeal was filed more than twenty days from the orders which are being appealed.

3. The order of the lower court entered December 22, 1949 is not a final order from which an appeal can be taken.

4. No brief, transcript, or assignments of error was filed by defendant-appellant within fifty days of the filing of notice of appeal dated November 1, 1949.

The record discloses that on November 22, 1948, a default judgment was rendered against this appellant in the sum of $11,506.80; that on May 25, 1949, a petition was filed to vacate the default judgment and subsequent thereto the appellee filed a motion to strike from the files the petition to vacate for failure to tender therewith an answer alleging that there was a valid defense to the action as required by §11637 GC.

194

On October 14 the motion was sustained and the petition to vacate was ordered stricken from the files. On November 1, 1949, notice of appeal was filed directed to the ruling of October 14, 1949, and also to the judgment of November 22, 1948.

The question immediately presented is whether the order striking the petition from the files is a final order as defined by §12223-2 GC. We are of the opinion that this is not such a final order and it would seem that the appellant was also of the same opinion for after said date numerous motions were filed by him.

In **State v. Gilman, 126 Oh St 379,** the court dismissed the petition in error for the reason that the sustaining of a motion to strike the amended petition from the files was not a final order or judgment from which error proceedings could be prosecuted. We are therefore of the opinion that the order of October 14, 1949, was not a final order from which an appeal could be taken. Should we be wrong in this conclusion, then the 4th branch of the motion is well grounded since the assignment of errors and brief were not filed until March 2, 1949, which is more than fifty days after the filing of the notice of appeal. The appeal of November first should therefore be dismissed for failure to comply with Rule VII of this Court.

The record discloses further that on December 22, 1949, a judgment was rendered overruling all the defendant's motions then pending before the Court. To this ruling a second notice of appeal was filed. The judgment was in response to several motions filed subsequent to the judgment of October 14, seeking a reversal of the judgment for various reasons and also for a separate finding of conclusions of law and fact. The overruling of a motion for a new trial is not a final order. **Young v. Shallenberger, et al. 53 Oh St 291; Smith v. Bailey, 26 Oh St 1; Wells, Jr., v. Wells, 105 Oh St 471.** Neither is the judgment overruling the motion for a separate finding of law and fact a final order but merely an interlocutory one to which error may be assigned when the case is properly before the Court.

It will be noted further that the notice of appeal filed November 1, 1949, was directed also to the judgment rendered on November 22, 1948. As to this judgment, the notice of appeal was not timely filed as §12223-7 GC requires that it be filed within 20 days after the judgment entry, no motion for new trial having been filed.

The motion to dismiss will be sustained.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## ON MOTION FOR REHEARING

No. 4421.   Decided April 14, 1950.

By THE COURT.

Submitted upon motion by the defendant for a rehearing, for an extension of time for the filing of briefs and for a separate Finding of Fact and Conclusions of Law. Since the rules of this Court do not provide for the filing of an application for a rehearing and nothing is set forth which would in any way cause this Court to change its former ruling, the application will be denied. As we stated in our previous opinion, the appellant's brief and assignment of errors were not filed within rule, which was a second reason for the sustaining of the motion to dismiss the appeal. The first and prime reason for the dismissal was that the appeal was not from a final order, which is a prerequisite before this Court can acquire jurisdiction. This being true, it would serve no useful purpose to permit the filing of assignment of errors and brief out of rule. This motion will therefore be overruled.

The request for a separate Finding of Facts and Conclusions of Law is not in order, as this Court heard no facts in this case. It was submitted and decided upon questions of law only. This motion will also be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## ON APPLICATION FOR EXTENSION OF TIME

No. 4421.   Decided May 24, 1950.

By THE COURT.

Submitted on application of appellant for "extension of time before filing of journal entry for filing of objection in writing." The opinion upon which the journal entry was prepared responded to a motion of the appellee to dismiss the appeal. The entry was submitted to appellant acting for himself and he noted in his own handwriting exception thereto. The Court thereupon approved the entry and it was spread on the record.

Rule VIII cannot be given application to an entry which is plain and not involved and which counsel has seen and acted upon. No good purpose could be served in considering written objections that would be filed to an entry wherein the finding is general and responds only to a motion to dismiss.

The application for extension of time, etc., will be denied.

MILLER, PJ, and HORNBECK and WISEMAN, JJ, concur.